UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE HOUSE PROPERTY CEDAR LLC, <br><br> Plaintiff, <br><br> v. <br><br> GREATER NEW YORK MUTUAL INSURANCE COMPANY, <br><br> Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

Plaintiff Lawrence House Property Cedar LLC ("Cedar") for its Complaint for Declaratory Judgment and Breach of Contract against Defendant Greater New York Mutual Insurance Company ("GNY") states as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of contract arising out of GNY's breach of certain of its coverage obligations to Cedar under an insurance policy GNY issued to Cedar. The GNY Policy provides first-party property insurance (among other coverages), including coverage for loss of rental income, for property Cedar owns which is located at 1020 West Lawrence Avenue in Chicago, Illinois. Cedar suffered losses covered under the GNY Policy due to flooding and water damage at Cedar's covered property, but GNY has not met all of its coverage obligations under the Policy.

2. This action also seeks declaratory relief regarding the extent of Cedar's lost rental income and GNY's obligation to indemnify Cedar for the full amount of its loss.

01494617v1

## PARTIES

4. Cedar is a limited liability company formed and existing under the laws of the State of Illinois with its principal place of business at 1020 West Lawrence Avenue, Chicago, Illinois 60640.

5. GNY is an insurance company formed under the laws of the State of New York with its principal place of business at 200 Madison Avenue, New York, New York 10016.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction because Cedar and GNY are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. The Court may exercise personal jurisdiction over GNY because it transacted business within the State of Illinois and this action arises out of that business.

8. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this district. In particular, Cedar resides in this district, Cedar's property insured under the GNY Policy is located in this district, and the loss for which Cedar seeks recovery under the GNY Policy occurred in this district.

## THE GNY INSURANCE POLICY

9. Cedar owns and operates a high-rise apartment building at 1020 West Lawrence Avenue in Chicago, Illinois (the "Property").

10. Cedar insured the Property under GNY Policy No. 1112M27557 (the "GNY Policy"), which was effective from August 2, 2020 to August 2, 2021 (the "Effective Period"). (*See* GNY Policy, Ex. 1.)

11. The GNY Policy includes a Business Income and Extra Expense Coverage Form – Form No. CP 00 30 10 12 – which states that GNY will "pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration'." (Ex. 1, Business Income and Extra Expense Coverage Form, Section A.1.)

12. The GNY Policy defines "suspension" to include "[t]he slowdown or cessation of [Cedar's] business activities; or [t]hat a part or all of the described premises is rendered untenantable . . . ." (*Id*., Section F.6.)

13. The business income covered by the policy continues to accrue until "the property at the described premises should be repaired, rebuilt, or replaced with reasonable speed and similar quality . . . ." (*Id*., Section F.3.b(1).)

14. The amount of the loss of business income must be determined based on the "Net Income of the business before the direct physical loss or damage occurred" and "[t]he likely Net Income of the business if no physical loss or damage had occurred . . . ." (*Id*., Section C.3.a(1)-(2).)

15. As applied to Cedar, net income consists of "rental income from tenant occupancy of the premises . . . ." (*Id*., Section F(5)(a).)

## THE COVERED LOSS

16. On July 29, 2021, during the period covered by the GNY Policy, flooding and water damage occurred at the Property which Cedar promptly reported to GNY.

17. The flooding and water damage directly affected multiple apartment units and all of the Property's passenger and freight elevators.

18. The flooding and water damage rendered all of the Property's passenger and freight elevators inoperable, which impeded then-current and prospective tenants' ability to access apartment units for an extended period of time.

19. Cedar was able to make a freight elevator temporarily operable with an on-site operator for a period of time after the water damage occurred, and in subsequent months certain other elevators were operable during certain periods of time.

20. The repairs required for the Property's elevators due to the water damage covered by the GNY Policy were not completed until March 2023.

21. Despite tenants' limited ability to use the single freight elevator and certain of the passenger elevators during certain periods after the date of the loss, tenants' access to their units in the fourteen-story building was impeded from the date of the water damage on July 29, 2021 through the date the elevator repairs were completed in March 2023.

22. As a direct result of the issues relating to the elevators, which were inoperable for extended periods of time due to the water damage covered under the GNY Policy, then-current tenants suspended and/or terminated leases, vacated apartment units, and sought rent abatement, and prospective tenants decided not to enter into leases for apartment units at the Property, all of which caused Cedar to lose rental income.

23. Thus, the water damage directly caused Cedar to lose rental income.

24. Cedar's claim under the GNY Policy, Claim No. F0689199-01, sought payment for both the physical damage to the Property and the loss of rental income due to the flooding and water damage.

25. Cedar and GNY have resolved the portion of Cedar's claim which sought payment for the physical damage to the Property.

26. However, GNY has not met its obligation under the GNY Policy to pay Cedar for its covered loss of business income relating to the flooding and water damage at the Property.

27. Specifically, Cedar's claim submission detailed business income losses totaling $887,939.00 for loss of rental income and provided support for its calculation of those losses.

28. In response to Cedar's Claim, GNY has agreed to pay only $58,229.62 for lost rental income attributable to certain apartment units with water damage.

29. GNY has denied that the remainder of Cedar's loss is covered under the GNY Policy and has failed or refused to meet its obligation under the GNY Policy to pay the remainder of Cedar's claim for lost income resulting from the flooding and water damage at the Property.

## CLAIMS

### Count I
### (Declaratory Judgment)

30. Cedar realleges and incorporates by this reference as though fully set forth herein the allegations in Paragraphs 1 through 29.

31. Cedar has suffered business income losses covered under the Policy as a result of flooding and water damage at the Property.

32. GNY is obligated under the Policy to pay Cedar the full amount of its claim under the Policy for lost business income resulting from the flooding and water damage at the Property.

33. GNY has denied coverage under the Policy for the full amount of lost business income Cedar has claimed.

34. GNY's denial of coverage under the Policy for the full amount of Cedar's claim for lost rental income is contrary to the terms of the Policy.

35. An actual controversy exists between the parties concerning the amount of Cedar's lost business income and coverage under the Policy for that loss.

36. A judicial determination regarding the amount of Cedar's lost business income and coverage under the Policy for that loss therefore is necessary and appropriate pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

WHEREFORE, Plaintiff Lawrence House Property Cedar LLC respectfully requests that the Court enter an Order:

    a. Finding and declaring that Cedar is entitled under the Policy to the full amount of lost rental income it has suffered, including the loss of rental income attributable to current and prospective tenants being impeded in accessing apartment units as a result of inoperable elevators damaged by the flooding and water damage at the Property;

    b. Declaring that Cedar is entitled under the Policy to the full amount of its lost rental income through the period of restoration; and

    c. Granting Cedar any other and further relief this Court deems just and proper.

**Count II**
**(Breach of Contract)**

37. Cedar realleges and incorporates by this reference as though fully set forth herein the allegations in Paragraphs 1 through 29.

38. The Policy is a valid and enforceable contract between Cedar and GNY.

39. Cedar has paid all required premiums with respect to the Policy and has satisfied all terms and conditions of the Policy.

40. The Policy was in full force and effect at all times relevant to the matters described in this Complaint.

41. The Policy provides for coverage of the full amount of lost business income Cedar suffered as a result of flooding and water damage at the Property.

42. By failing or refusing to pay the full amount of Cedar's claim for lost business income covered under the Policy, GNY breached the express terms of the Policy.

43. As a result of GNY's failure or refusal to pay the full amount of Cedar's claim for lost business income covered under the Policy, Cedar has suffered and continues to suffer monetary damages in excess of the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, Plaintiff Lawrence House Property Cedar LLC respectfully requests that the Court enter judgment:

    a. Finding GNY liable for breach of the Policy;

    b. Awarding Cedar damages equal to the full amount of Cedar's lost business income resulting from flooding and water damage at the Property; and

    c. Granting Cedar any other and further relief this Court deems just and proper.

## Count III
**(Relief Pursuant to 215 ILCS 5/155)**

45. Cedar realleges and incorporates by this reference as though fully set forth herein the allegations in Paragraphs 1 through 29.

46. Cedar is entitled to an award of taxable costs under 155 of the Illinois Insurance Code (215 ILCS 5/155) by virtue of GNY engaging in the following vexatious and unreasonable conduct:

    a. Failing to pay Cedar amounts due under the Policy in a timely manner;

b. Failing to provide Cedar with a reasonable written explanation for the delay in resolving its claim, in violation of the regulations promulgated by the Illinois Director of Insurance;

c. Not attempting in good faith to effectuate a prompt, far, and equitable settlement of Cedar's claim, a claim in which liability was reasonably clear;

d. Without proper cause, wrongfully and knowingly refusing to reimburse Cedar for certain losses, and delaying payment on other losses which it acknowledged were covered under the Policy; and

e. Willfully refusing to undertake its coverage obligations to protect Cedar and instead undertaking a continuous effort to conceal material information from Cedar, to procrastinate and delay at every turn, and acting to maximize its own financial interest at the expense and to the financial detriment of Cedar.

WHEREFORE, Plaintiff Lawrence House Property Cedar LLC respectfully requests that the Court enter judgment:

a. Granting Cedar the full amount of the lost business income Cedar suffered as a result of the flooding and water damage, attorney's fees, and interest, plus the maximum additional amount recoverable as provided by 215 5/155(1); and

b. Granting Cedar any other and further relief this Court deems just and proper.

Dated: July 17, 2023                        Respectfully Submitted,

LAWRENCE HOUSE PROPERTY CEDAR LLC

By:    <u>Charles M. Gering</u>
       One of its attorneys

Charles M. Gering
cgering@pedersenhoupt.com
Margaret A. Miles
mmiles@pedersenhoupt.com
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Telephone: (312) 641-6888